**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| G & G CLOSED CIRCUIT EVENTS, LLC, | Case No. 20-cv-1944-MMA (WVG) |
| Plaintiff, | **ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS** |
| v. | |
| AMERICA ZAMORA ZARAZUA, individually and doing business as El Comal, | [Doc. No. 13] |
| Defendant. | |

G & G Closed Circuit Events, LLC ("Plaintiff") brought this action against America Zamora Zarazua, individually and doing business as El Comal, ("Defendant") and alleged Defendant unlawfully "intercepted, received and published" a fight telecast at Defendant's business.  Doc. No. 1 ("Compl.") ¶¶ 20–21.  Plaintiff now moves for an award of attorneys' fees and costs.  *See* Doc. No. 13.  The motion is unopposed.  The Court found the matter suitable for determination on the papers and without oral argument pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7.1.d.1. *See* Doc. No. 14.  For the reasons set forth below, the Court **GRANTS in part and DENIES in part** Plaintiff's motion.

**I. B**ACKGROUND

This action involves the prohibited broadcast of *Gennady Golovkin v. Sergiy Derevyanchenko Championship Fight Program* ("Program") on October 5, 2019 at Defendant's establishment El Comal.  *See* Compl. ¶¶ 7, 15.  Plaintiff brought four causes of action against Defendant: (1) violation of the Communications Act, 47 U.S.C. § 605; (2) violation of the Cable Television Consumer Protection and Competition Act, 47 U.S.C. § 553; (3) conversion under state law; and (4) violation of the California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200–17210.  *See id.* ¶¶ 14–46.  On May 6, 2021, the Court granted Plaintiff's motion for default judgment and awarded Plaintiff $14,000 in damages.  *See* Doc. No. 11.

Pursuant to 47 U.S.C. § 605(e)(3)(B)(iii), Plaintiff now moves for an award of attorneys' fees in the amount of $2,624.50 and costs in the amount of $2,400.00.  *See* Doc. No. 13 at 3, 10.[1]

## II. ATTORNEYS' FEES

### A. Legal Standard

"Once a party is found eligible for fees, the district court must then determine what fees are reasonable."  *Roberts v. City of Honolulu*, 938 F.3d 1020, 1023 (9th Cir. 2019) (quoting *Klein v. City of Laguna Beach*, 810 F.3d 693, 698 (9th Cir. 2016)).  In order to determine the fee award, courts calculate the number of hours reasonably expended on the litigation and then multiply that number by a reasonable hourly rate.  *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Vargas v. Howell*, 949 F.3d 1188, 1194 (9th Cir. 2020) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)).  The resulting calculation is referred to as "the lodestar figure" and "provides an objective basis on which to make an initial estimate of the value of a lawyer's services."  *Hensley*, 461 U.S. at 433.  To determine attorneys' fees under § 605, courts use the loadstar method.  *See G & G Closed Cir. Events, LLC v. Parker*, No. 320-cv-00801-BEN-RBB, 2021 WL

---

[1] All citations to electronically filed documents refer to the pagination assigned by the CM/ECF system.

164998, at *2 (S.D. Cal. Jan. 19, 2021); *J & J Sports Prods., Inc. v. Brummell*, No. 15-cv-2601-MMA (MDD), 2016 WL 3552039, at *1 (S.D. Cal. June 29, 2016).

"[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rate." *Hensley*, 461 U.S. at 437. Further, the Ninth Circuit has made clear that plaintiffs requesting attorneys' fees must demonstrate that the hourly rates requested are reasonable vis-à-vis the rates charged in "the forum in which the district court sits." *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1205–06 (9th Cir. 2013) (quoting *Prison Legal News v. Schwarzenegger*, 608 F.3d 446, 454 (9th Cir. 2010)); *see also Jordan v. Multnomah Cnty.*, 815 F.2d 1258, 1261–63 (9th Cir. 1987) ("The fee applicant has the burden of producing satisfactory evidence, in addition to the affidavits of its counsel, that the requested rates are in line with those prevailing in the community for similar services of lawyers of reasonably comparable skill and reputation.").

Additionally, the Ninth Circuit "requires that courts reach attorneys' fee decisions by considering some or all of twelve relevant criteria set forth in *Kerr v. Screen Extras Guild, Inc*., 526 F.2d 67 (9th Cir. 1975)." *Quesada v. Thomason*, 850 F.2d 537, 539 (9th Cir. 1988). The *Kerr* factors are:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

*Kerr*, 526 F.2d at 70.

**B. Discussion**

Reasonable attorneys' fees and costs are recoverable by the prevailing party pursuant to 47 U.S.C. § 605(e)(3)(B)(iii).  Because the Court has granted default judgment in Plaintiff's favor on the Communications Act claim, *see* Doc. No. 11 at 5, 11, Plaintiff is eligible to request reasonable attorneys' fees under § 605(e)(3)(B)(iii).

The Court proceeds by assessing whether Plaintiff's sought fees are reasonable. *See Roberts*, 938 F.3d at 1023 (quoting *Klein*, 810 F.3d at 698).  Plaintiff seeks an attorneys' fee award of $2,624.50.  *See* Doc. No. 13 at 10.  The sought award comprises work completed by attorney Thomas Riley ("Riley"), an unnamed research attorney, and an administrative assistant.  *See* Riley Decl., Doc. No. 13-1 ¶¶ 5, 6, 8; Riley Decl., Exh. 1, Doc. No. 13-1 at 7–9.  In particular, Plaintiff seeks fees for (1) 1.5 hours of work billed at an hourly rate of $550.00 for Mr. Riley, (2) 4 hours of work billed at an hourly rate of $300.00 for the unnamed research attorney, and (3) 5.45 hours of work billed at an hourly rate of $110.00 for the administrative assistant.  *See* Riley Decl., Doc. No. 13-1 ¶¶ 5, 6, 8; Riley Decl., Exh. 1, Doc. No. 13-1 at 9.

**1. Mr. Riley**

As to Mr. Riley, Plaintiff demonstrates that his hourly rate of $550 is reasonable. Mr. Riley explains that he is a member of good standing in the bars of three states, has been practicing law for twenty-eight years, and has worked in a firm that specializes in signal piracy claims since 1994.  *See* Riley Decl., Doc. No. 13-1 ¶¶ 3–4.  Mr. Riley also points to a recent case in this district that found his requested hourly rate of $550 reasonable.  *See* Doc. No. 13 at 7–8 (citing *Parker*, 2021 WL 164998, at *5).  The Court finds that Mr. Riley's requested hourly rate is reasonable.

As to the number of hours expended, Mr. Riley provides a billing statement outlining the time expended on each task in this case.  *See* Riley Decl., Exh. 1, Doc. No. 13-1 at 7–9.  In this action, Mr. Riley worked 1.5 hours.  In his accompanying declaration, Mr. Riley explains that "[b]illable hours for legal services rendered are *reconstructed by way of a thorough review* of the files themselves."  *See* Riley Decl., Doc. No. 13-1 ¶ 7 (emphasis added).  Thus, the "reconstructed" billing records are not

contemporaneous.  This appears to be Mr. Riley's standard practice.  *See Parker*, 2021 WL 164998, at *7; *J & J Sports Prods., Inc. v. Barajas*, No. 1:15-cv-01354-DAD-JLT, 2017 WL 469343, at *3 (E.D. Cal. Feb. 2, 2017).  Noncontemporaneous billing records are inherently less reliable and more likely to be inaccurate.  *See Parker*, 2021 WL 164998, at *7; *J & J Sports Prods. Inc. v. Cervantes*, No. 1:16-cv-00485-DAD-JLT, 2019 WL 935387, at *4 (E.D. Cal. Feb. 26, 2019).  Courts may reduce the awardable hours where an attorney fails to keep contemporaneous billing records.  *See Hensley*, 461 U.S. at 438 n.13 ("In addition, the District Court properly considered the reasonableness of the hours expended, and reduced the hours of one attorney by thirty percent to account for his inexperience and failure to keep contemporaneous time records.").  Although Mr. Riley's billed hours and tasks do not appear to be unnecessary, excessive, or unreasonable, the noncontemporaneous billing records are inherently more likely to be inaccurate.  The Court finds that a small 10% reduction of the Mr. Riley's total hours is appropriate to mitigate against the risks associated with noncontemporaneous billing.  Thus, of the 1.5 hours billed by Mr. Riley, the number of hours reasonably expended by him is 1.35.

Accordingly, the Court finds that Mr. Riley has demonstrated that he is entitled to a reasonably hourly rate of $550.00 and 1.35 hours reasonably expended—for a total of $742.50 in attorneys' fees.[2]

### 2. Research Attorney

As to the "research attorney" referenced in Mr. Riley's declaration and accompanying billing statement, the Court finds that Plaintiff has not met its burden to prove that the $300 hourly rate is reasonable.  Mr. Riley states that the research attorney

---

[2] In coming to this determination, the Court took the *Kerr* factors into consideration: the minimal time and labor required, the straightforward nature of the issues presented in this action, the fact that Mr. Riley was not precluded from taking other employment, Mr. Riley's customary fee, the lack of time limitations imposed by the client, the $14,000.00 award obtained, Mr. Riley's experience, the lack of an "undesirability" issue, and similar approaches in other cases.  *See* Doc. No. 13 at 5–6.

has assisted him for over ten years and is a member in good standing in the bars of two states and Washington, D.C.  *See* Riley Decl., Doc. No. 13-1 ¶ 3.

However, the research attorney is not given a name, and there is no supporting information that demonstrates that his $300 hourly rate is reasonable in this forum. Because Plaintiff fails to meet its burden to prove that the $300 hourly rate is reasonable, the Court finds that Plaintiff is not entitled to an award of attorneys' fees requested for the unnamed "research attorney."  *See Rutherford v. Cam-Mar Growers*, No. 19-cv-1864-MMA (AHG) (S.D. Cal. Apr. 4, 2020), ECF No. 13 at 10–11 (finding that the plaintiff failed to meet his burden to show that the hourly rate was reasonable for an unnamed "associate attorney" that lacked other specifics on her or his experience); *Munson v. Murad*, No. 17-cv-2499-MMA (BGS) (S.D. Cal. June 26, 2018), ECF No. 18 at 8 (finding that the plaintiff failed to meet his burden to show reasonable hourly rates for attorneys that were not given full names and failed to demonstrate that the hourly rates were reasonable in the forum); *see also Vogel v. Harbor Plaza Ctr., LLC*, 893 F.3d 1152, 1160 (9th Cir. 2018) ("In a case in which a defendant fails to appear or otherwise defend itself, however, the burden of scrutinizing an attorney's fee request—like other burdens—necessarily shifts to the court.").

### 3. Administrative Assistant

As to the "administrative assistant," courts in this circuit have routinely "declined to award fees for clerical work by administrative assistants, particularly where there is a lack of specificity in such billing by administrative assistants and the billing is duplicative of attorney time."  *Cervantes*, 2019 WL 935387, at *4 (providing a list of example cases).  Certain tasks—such as "filing, transcript, and document organization"—are clerical and should be absorbed into a firm's overhead rather than billed at a set rate. *See Nadarajah v. Holder*, 569 F.3d 906, 921 (9th Cir. 2009); *see also Neil v. Comm'r of Soc. Sec.*, 495 F. App'x 845, 847 (9th Cir. 2012) ("We find that the district court did not abuse its discretion in declining to award [the plaintiff's] attorney's fees for purely clerical tasks such as filing documents and preparing and serving summons."); *cf.*

*Missouri v. Jenkins by Agyei*, 491 U.S. 274, 288 n.10 (1989) ("Of course, purely clerical or secretarial tasks should not be billed at a paralegal rate, regardless of who performs them.").  Moreover, courts have "cautioned Mr. Riley regarding billing of clerical work using administrative assistants, lack of specificity in such billing by administrative assistants, and duplicative billing by Mr. Riley and his administrative assistant in the past." *J&J Sports Prods., Inc. v. Marini*, No. 1:16-cv-0477-AWI-JLT, 2018 WL 2155710, at *2 (E.D. Cal. May 10, 2018) (first citing *J & J Sports Prods., Inc. v. Corona*, No. 1:12-cv-01844-LJO, 2014 WL 1513426, at *2 (E.D. Cal. Apr. 16, 2014), *report and recommendation adopted*, No. 1:12-cv-01844-AWI, 2014 WL 1767691 (E.D. Cal. May 2, 2014); and then citing *J & J Sports Prods., Inc. v. Pagliaro*, No. 1:12-cv-1507-LJO-SAB, 2014 WL 7140605, at *2 (E.D. Cal. Dec. 12, 2014)).

As in other cases where Mr. Riley has sought to collect fees for work performed by administrative assistants, "the use of block billing makes it unclear how much time the administrative assistant spent on 'preparation' versus 'filing and service' of documents, and many of the billings for attorney Riley and his administrative assistant appear to be identical." *Cervantes*, 2019 WL 935387, at *4; *see* Riley Decl., Exh. 1, Doc. No. 13-1 at 7–8 (billing for "preparation, filing, and service"; "review and filing"; and "filing and service" in blocks).  Moreover, this oversight is compounded by the lack of contemporaneous billing records.  *See* Riley Decl., Doc. No. 13-1 ¶ 7 ("Billable hours for legal services rendered are *reconstructed by way of a thorough review* of the files themselves." (emphasis added)); *Parker*, 2021 WL 164998, at *7 (finding that Mr. Riley's failure to track time contemporaneously makes the billing records "more likely to be inaccurate").  Given the continued problematic practices that multiple courts have highlighted, this Court additionally declines to award fees for tasks completed by the unnamed administrative assistant.

**C. Conclusion**

Accordingly, the Court awards Plaintiff attorneys' fees in the amount of $742.50.

**III. COSTS**

7

In addition to reasonable attorneys' fees, § 605 states that the court "shall direct the recovery of full costs . . . to an aggrieved party who prevails."  47 U.S.C. § 605(e)(3)(B)(iii).  Here, Plaintiff seeks a costs award of $2,400.00.  *See* Doc. No. 13 at 10.  In particular, Plaintiff seeks costs associated with three pre-filing investigative fees of $650.00 each, the complaint filing fee of $400.00, and the service of process fee of $50.00.  *See* Riley Decl., Exh. 1, Doc. No. 13-1 at 9.  Plaintiff provides invoices for the investigative and service of process expenses.  *See* Riley Decl., Exhs. 2–3, Doc. No. 13-1 at 11–13, 15.

The Court awards Plaintiff costs for reimbursement of the $400.00 filing fee.  *See Parker*, 2021 WL 164998, at *9; *Brummell*, 2016 WL 3552039, at *2.  The Court also awards Plaintiff costs for the $50.00 service of process fee.  *See Cervantes*, 2019 WL 935387, at *5; *G & G Closed Cir. Events, LLC v. Aguilar*, No. 18-cv-465 JM (BGS), 2018 WL 6445883, at *3 (S.D. Cal. Dec. 10, 2018); *see also* CivLR 54.1.b.1.

However, the Court declines to award Plaintiff's request for pre-filing investigative fees.  This Court has previously declined to award costs for pre-filing investigation fees.  *See Brummell*, 2016 WL 3552039, at *2; *see also Aguilar*, 2018 WL 6445883, at *3; *Langer v. Murad Enterprises, LLC*, No. 20-cv-34-MMA (BLM) (S.D. Cal. June 6, 2020), ECF No. 15 at 12 n.3.  Plaintiff acknowledges that there is a split amongst the district courts on this issue.  *See* Doc. No. 13 at 10; *see also Parker*, 2021 WL 164998, at *9 (noting the split on this issue but ultimately declining to award investigator fees); *Barajas*, 2017 WL 469343, at *5 (same).  The Court declines to depart from its previous determination that pre-filing investigative fees are not recoverable costs.

Additionally, the amount of the sought investigation fees is questionable.  Plaintiff seeks costs for three separate investigation invoices with fees of $650.00 for each.  *See* Riley Decl., Exh. 1, Doc. No. 13-1 at 9; Riley Decl., Exh. 2, Doc. No. 13-1 at 11–13.  The attached invoices reflect that Mr. Riley's firm paid the invoices to three separate investigative entities for the same Program at the same establishment on the same date.  *See* Riley Decl., Exhs. 2, Doc. No. 13-1 at 11–13.  Mr. Riley does not explain why three

separate investigators were required and thus fails to show why the duplicative expenses are reasonable.  There is also no information detailing what the investigative services provided or the investigators' qualifications.  *See Parker*, 2021 WL 164998, at *9; *Cervantes*, 2019 WL 935387, at *5.

Accordingly, the Court awards costs in the amount of $450.00 for reimbursement of the filing fee and service of process fee.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS in part and DENIES in part** Plaintiff's motion for attorneys' fees and costs.  The Court **AWARDS** Plaintiff attorneys' fees in the amount of **$742.50** and costs in the amount of **$450.00**.

**IT IS SO ORDERED**.


Dated: August 2, 2021

Hon. Michael M. Anello

United States District Judge

9